IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **ERICA CHAVEZ ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | Civil Action No.____**7:15-cv-487**____ |
| **STATE FARM LLOYDS,** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |

## EXHIBIT 3

Page **1** of **1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **ERICA CHAVEZ** | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | **Civil Action No. 7:15-cv-487___** |
| **STATE FARM LLOYDS,** | § | |
| *Defendant.* | § | |

---

### INDEX OF MATTERS BEING FILED
### AND LIST OF ALL COUNSEL OF RECORD

---

Defendant State Farm Lloyds ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas. Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1.  *Index of Matters Being Filed and List of All Counsel of Record*;

2.  Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

    A.  Plaintiffs' Original Petition;

    B.  Citation by personal service; and

    C.  Defendant's Original Answer.

3.  A copy of the state court docket sheet.

4.      The parties' respective attorneys are as follows:

      A.      ATTORNEY FOR PLAINTIFF:

            Joshua P. Davis
            TSBN 24055379
            Katherine Ray
            TSBN 24091634
            **JOSH DAVIS LAW FIRM**
            1010 Lamar, Suite 200
            Houston, Texas 77002
            (713) 337-4100 – Phone
            (713) 337-4101 – Fax
            josh@thejdfirm.com

      B.      ATTORNEYS FOR DEFENDANTS:

            Dan K. Worthington
            TSBN 00785282 / SDOTBN 15353
            Sofia A. Ramon
            TSBN 00784811/SDOTBN 20871
            Charles W. Downing
            TSBN 24069631/SDOTBN 1048595
            **ATLAS, HALL & RODRIGUEZ, LLP**
            818 W. Pecan Blvd. (78501)
            P.O. Box 3275
            McAllen, Texas 78502
            Tel:     (956) 682-5501
            Fax:    (956) 686-6109

Dated: November 19, 2015.

DC-15-594

Starr County - District Clerk

Filed: 10/6/2015 1:44:16 PM
Eloy R. Garcia, District Clerk
Starr County, Texas

Litxzary Benavides

CAUSE NO. DC-15-594

| | | |
|---|---|---|
| **ERICA CHAVEZ,** | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff. | § | |
| | § | |
| **vs.** | § | STARR COUNTY, TEXAS |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| Defendant. | § | 229th   JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, Erica Chavez, files this Original Petition complaining of Defendant, State Farm Lloyds ("State Farm") and in support thereof shows the court and the jury the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under Discovery Level 3 and requests the Court issue a Scheduling Order.

### PARTIES

2.      Plaintiff is an individual residing in Starr County, Texas.

3.      Defendant State Farm is an insurance company licensed to do business in the State of Texas and may be served with process by serving its agent for service, Corporation Service Company c/o State Farm Lloyds, 211 E. 7th St., Suite 620, Austin, Texas 78701.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy because the damages sought by Plaintiff are within the jurisdictional limits of this Court. Plaintiff's damages

are less than $75,000.00. However TEX. R. CIV. P. 47 requires Plaintiff to plead monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fee.

5.     The Court has jurisdiction over certain parties because they are companies doing business in Texas and/or individuals who reside in Texas.

6.     Venue is proper in this county because the facts giving rise to this litigation occurred in Starr County. The laws of the state of Texas apply to the subject matter of this dispute.

## FACTUAL BACKGROUND

7.     Plaintiff has an insurance policy with State Farm Lloyds that covers her home, policy number 83-B8-V450-7 (the "Policy"). Plaintiff's residence is located at is located at 6597 FM 1430, Rio Grande City, Texas 78582 (the "Property"). On May 28, 2014, Plaintiff submitted a claim related to this covered loss and Defendant found a small amount of damage and denied the remainder of the claim.

## CLAIMS

### *Negligent Misrepresentation*

8.     Plaintiff sues Defendant for negligent misrepresentations. Defendant, either individually or through its authorized agents, employees or representatives, solicited Plaintiff and made several false representations regarding Defendant's readiness, willingness and ability to fulfill the terms and duties placed on it by terms of Plaintiff's insurance agreement. These representations led Plaintiff to rely upon Defendant and were a material basis for her decision to enter into the policy. Absent the misrepresentations

2

made by Defendant, or its authorized agents, employees or representatives, Plaintiff would not have entered into the policy with Defendant. Defendant either knew, or should have known, that these representations were false and made for the purpose of deceiving Plaintiff so that he would rely on said misrepresentations to Plaintiff's detriment. As such, Defendant's misrepresentations have caused Plaintiff to suffer damages for which he now seeks compensation.

### Breach of Good Faith and Fair Dealing

9.      Defendant, as Plaintiff's insurance company, at all times during the claims process owed a duty of good faith and fair dealing. Defendant's acts and omissions violated that duty and Plaintiff was damaged as a result.

### Breach of Contract

10.     Defendant, through its various contractual relationships with Plaintiff, breached its contract with Plaintiff through its acts and omissions, and have caused damages to Plaintiff that are greater than the jurisdictional limits of this Court.

### Money Had & Received/Unjust Enrichment

11.     Defendant, by refusing to present Plaintiff with her rightful insurance proceeds stemming from her claims, has caused Plaintiff to suffer an unconscionable loss and Defendant is unjustly enriched as a result.

### Negligence

12.     At all times Defendant owed the duty of reasonable care to Plaintiff. Defendant, through its acts and omissions, has breached that duty of care and caused damages to Plaintiff that are greater than the minimal jurisdictional limits of this Court.

3

*Texas Insurance Code §§ 541.060 and 541.152*

13.    Defendant violated numerous provisions of the TEXAS INSURANCE CODE,

Article §541.060 that include:

      a.  misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

      b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

           i.  a claim with respect to which the insurer's liability has become reasonably clear; or

           ii.  a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;  ·

      c.  failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

      d.  failing within a reasonable time to:

           i.  affirm or deny coverage of a claim to a policyholder; or

           ii.  submit a reservation of rights to a policyholder;

      e.  refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; and,

      f.  refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

TEX. INS. CODE ANN. § 541.060 (Vernon).

4

14.     Defendant's violations of this provision caused damages to Plaintiff that are greater than the minimal jurisdictional limit of this Court. Plaintiff is entitled to relief in accordance with Articles §541.152(a) of the TEXAS INSURANCE CODE.

15.     Plaintiff is also entitled to additional damages pursuant to Article §541.152(b) because Defendant violated that statute knowingly.

## DAMAGES

16.     As a direct and proximate result of the acts, omissions, breaches and violations more fully described above, Plaintiff has been damaged by Defendant's acts and/or omissions and those damages are within the jurisdictional limits of this Court.

17.     Ultimately, Plaintiff will ask a jury of her peers to assess a fair and reasonable amount of money damages as compensation for her economic and non-economic injuries, as well as punishment for Defendant's actions. These damages will include statutory penalty interest and consequential damages. Additionally, Plaintiff seeks pre- and post-judgment interest, costs of court, and reasonable and necessary attorney's fees.

## EXEMPLARY DAMAGES

18.     Defendant's actions as described above were intentional and made with knowing disregard for Plaintiff's rights and/or with malice towards Plaintiff. Plaintiff prays for punitive damages in addition to compensatory damages.

### ATTORNEYS' FEES

19.     Plaintiff has been required to obtain legal counsel as a result of Defendant's intentional acts and omissions. As a result, Plaintiff has and will incur attorney's fees and expenses prosecuting her claims. Plaintiff is therefore entitled to recover her reasonable and necessary attorney's fees under both the TEXAS INSURANCE CODE and TEX. CIV. PRAC. & REM. CODE. ANN. § 38.001 *et seq.*

### CONDITIONS PRECEDENT

20.     All necessary conditions precedent to the filing of this suit have been, or will be, met as required by law.

### JURY DEMAND

21.     Plaintiff demands a trial by jury, and has tendered the appropriate fee.

### REQUEST FOR DISCLOSURE

22.     Plaintiff requests that Defendant disclose within 50 days of the receipt of this suit the information listed in TEXAS RULE OF CIVIL PROCEDURE 194.2 (a) – (l).

### CONCLUSION

Plaintiff requests that Defendant, State Farm Lloyds be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for the following:

        a.      Actual and consequential damages;

        b.      Punitive and additional damages;

        c.      Statutory interest of 18%;

        d.      Attorney's fees and expenses;

6

e.   Pre- and post-judgment interest at the maximum legal rate;

f.   Costs of suit; and,

g.   All other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**JOSH DAVIS LAW FIRM**

By:   /s/ J. Davis
Joshua P. Davis
State Bar No. 24055379
Katherine Ray
State Bar No. 24091634
1010 Lamar, Suite 200
Houston, Texas 77002
713.337.4100/Phone
713.337.4101/Fax
*josh@thejdfirm.com*
*katie@thejdfirm.com*

**Attorneys for Plaintiff**

DC-15-594

| | | |
|---|---|---|
| ERICA CHAVEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff. | § | |
| | § | |
| vs. | § | STARR COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | 229th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION, SET OF INTERROGATORIES,
## AND REQUEST FOR ADMISSIONS TO DEFENDANT

TO:   Defendant, State Farm Lloyds, by and through its registered agent, Corporation
Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

The following Request for Production, Interrogatories, and Request for
Admissions are served upon Defendant State Farm Lloyds ("State Farm") pursuant to
Rule 196, 197, and 198 of the TEXAS RULES OF CIVIL PROCEDURE. Defendant must
produce copies of all responses, admissions, and requested documents (as they are kept in
the ordinary course of business or organized and labeled to correspond with categories in
each request), not more than 50 days after service, at the office of Joshua P. Davis, JOSH
DAVIS LAW FIRM, 1010 Lamar, Suite 200, Houston, Texas 77002.

Respectfully submitted,

**JOSH DAVIS LAW FIRM**


By:_____/s/ J. P. Davis_____
          Joshua P. Davis
          State Bar No. 24055379
          Katherine Ray
          State Bar No. 24091634
     1010 Lamar, Suite 200
     Houston, Texas 77002
     713.337.4100/Phone
     713.337.4101/Fax
     *josh@thejdfirm.com*
     *katie@thejdfirm.com*

**Attorneys for Plaintiff**

2

## DEFINITIONS AND INSTRUCTIONS

As used in these discovery requests, the terms listed below shall be defined as follows:

1.  "You," "your" and/or "State Farm" refers to Defendant State Farm Lloyds.

2.  The "policy" refers to the insurance policy/contract you provided to Plaintiff(s) in this case that (a) was effective on May 28, 2014, the date of loss in this case; and (b) covered Plaintiff's home located at 6597 FM 1430, Rio Grande City, Texas 78582.

3.  "Loss" refers to all damages relating to the wind and hailstorm that occurred on May 28, 2014, referred to in Plaintiff's Original Petition.

4.  "Plaintiff(s)" refers to Plaintiff Erica Chavez. in this cause.

5.  The terms "documents" and "tangible things" mean and include originals, if available, otherwise a carbon copy, Xerox copy or photocopy, computer-generated copy, electronic copy, or other identical or non-identical copy *and* copies different from the original 'because of handwritten notes, underscoring, or other similar markings or alterations of any papers, letters, memoranda, books, accounts, writings, drawings, graphs, charts, photographs, electronic or videotape recordings, e-mails, text messages, instant messages, backup tapes, computer hard drives, metadata, electronic storage devices (including but not limited to disks, CD's, DVD's, memory sticks, and any other electronic storage devices), and any and all other data compilations from which information can be obtained and translated into reasonably usable form.   These terms include documents and tangible things sent by you to any other person as well as documents and tangible things intended only for your use.

6.  The terms "documents" and "tangible things" also mean and include communications not only in words, but in symbols, pictures, sound recordings, films, tapes, and information stored in or assessable through computers or other information storage and retrieval systems, **including e-mail**. *If the information is kept in a computer or information storage and retrieval system, please provide or explain all codes and programming instructions and any other information necessary to understand, access, or use the system.  Plaintiffs request that you produce e-mail and electronic or magnetic data in paper form or on a disk.*

7.  Additionally, the terms "documents" and "tangible things" mean and include, but are not limited to, the following:  calendars, checkbooks, contracts, agreements, reports, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, letters, diaries, files, legal documents, financial

3

documents (including, but not limited to, annual reports, quarterly reports, 10-Ks, 10-Qs, balance sheets and profit-and-loss statements), memoranda, notes, press releases, purchase orders, schedules, evaluations, written reports of tests or experiments, telegrams, drafts of documents, "post-it notes," "e-mail," and telephone-transmitted facsimiles.

8. The term "person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, and any other organization, business, or legal entity.

9. When referring to a person or entity, the term "identify" means to provide the following information:

    a.    the name of the person or entity;

    b.    the present or last known address of the person or entity; and,

    c.    the present or last known telephone number of the person or entity.

10. When referring to a document or tangible thing, the term "identify" means to provide the following information:

    a.    the type of document or tangible thing (for example, a letter, handwritten note, or *e-mail);*

    b.    the title or heading that appears on the document or tangible thing;

    c.    the date of the document or tangible thing and the date of each addendum, supplement, or other addition or change;

    d.    the identity of the author of the document, the identity of the person who signed the document, the identity of the person on whose behalf or at whose request or direction the document was prepared, and the identity of the person to whom the document was directed, delivered, mailed, given, or transmitted; and

    e.    the present location of the document, and the name, address, and telephone number of the person having custody of the document.

11. When referring to an occasion, the term "identify" means to provide the following information:

    a.    the date of the occasion;

    b.    the parties involved;

    c.    the location;

    d.    the cause;

    e.    whether a claim or lawsuit was filed and if so the resolution; and

    f.    briefly explain what happened.

12. The word "and" means "and/or."

13. The word "or" means "or/and."

14. If any interrogatory is objected to, please state the complete basis for your objection. If you object to only a portion of a particular interrogatory, specifically identify that portion and answer the remainder completely. If you claim a privilege or privileges as grounds for not answering any interrogatory in whole or in part, in enough detail to permit the court to adjudicate the validity of your claim, please state the privilege or privileges you are asserting, describe the factual basis for your claim of privilege, and include relevant dates and persons involved.

15. Plaintiff(s) request(s) that all documents, other data compilations, or tangible things that relate to, concern, or that might impact on the subject matter of this litigation be preserved and that any ongoing process of document destruction involving such documents cease.

16. If you claim a privilege or privileges as grounds for not answering any interrogatory in whole or in part, please provide Plaintiff's(s') attorney with an appropriate privilege log.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

### CONTACT INFO

1.   Copies of the employment files for all employees of Defendant(s) who are listed as persons with knowledge in response to Plaintiff's(s') request for disclosure, as well as the person with the most knowledge of Plaintiff's(s') account and the handling of same in this case. If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

### POLICY

2.   A certified copy of the insurance policy pertaining to the claims involved in this suit.

### CLAIM FILE

3.   The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

4.   The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

5.   The electronic diary, including the electronic and paper notes made by Defendant's(s') claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's(s') claims.

### UNDERWRITING FILE

6.   The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

6

## RECORDED STATEMENT/EUO

7.    All oral, taped, or recorded statements made by any participants and/or witnesses to the transactions and occurrences which form the basis of Plaintiff's(s') lawsuit which are in the possession, constructive possession, custody or control of the Defendant(s), Defendant's(s') attorney, or anyone acting on Defendant's(s') behalf.

## CLAIM PAYMENT

8.    The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's(s') claim. This includes all indemnity, claim expenses and third party payments.

## CLAIM PROCEDURES

9.    Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the **handling of windstorm claims in Texas** from the date of loss at issue in this claim, and back one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

10.   Your written procedures or policies (including document(s) maintained in electronic form) in place from the date of loss at issue in this claim, and back one year, and forward one year, that pertain to the **handling of complaints made by windstorm policyholders in Texas**. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

11.   The Operation Guides which relate to the handling of hail claims in Texas in effect from the date of loss at issue in this case, and back one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

12.   Copies of all manuals, videotapes, computer based learning modules, pamphlets, packets, memoranda, emails, and any and all other documents and/or media that detail the training and/or education provided to Defendant's(s') employees regarding evaluation of claims, use of any computer programs used to assist in evaluating and valuing claims, data utilized by computer program(s) in evaluating claims, and dissemination of the results of such analysis.

13. Copies of any and all manuals, instructions (whether written, electronic, or otherwise), and documents providing guidance for all computer program(s) utilized by Defendant(s) to evaluate Plaintiff's(s') claim(s). If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

## INVESTIGATION

14. Any and all non-privileged investigation documentation, reports and/or memoranda made by or submitted to Defendant(s), as a result of the claims asserted by Plaintiff(s) which have been made the basis of Plaintiff's(s') lawsuit (whether written, electronic, or otherwise). If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

15. The emails, instant messages and internal correspondence pertaining to Plaintiff's(s') underlying claim.

16. The videotapes, photographs and recordings of Plaintiff(s) or Plaintiff's(s') home, regardless of whether you intend to offer these items into evidence at trial.

17. Copies of the results of any and all computer analysis (whether written, electronic, or otherwise) of Plaintiff's(s') claims in this cause, as well as all documents and communications (whether written, electronic, or otherwise) disseminated by and/or between agents and/or employees of Defendant(s) regarding such results. If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

18. A copy of all correspondence, emails and reports between the Defendant(s) and any outside consultants or investigators involving the Plaintiff(s) or Plaintiff's(s') claims made the basis of this lawsuit.

19. Surveillance movies, photographs, videotapes, films or the like of any parties to this suit, of Plaintiff's(s') property at issue.

20. Copies of all documents that Defendant(s) contend(s) support denial of Plaintiff's(s') claims and/or tender of less than policy limits for Plaintiff's(s') claims.

8

21. Copies of any and all communications (whether written, electronic, or otherwise) by and between Defendant(s) and any person, company, or entity Defendant(s) has had evaluate the financial records of Plaintiff(s). This request encompasses all communications, whether via letter, memo, facsimile, email, or any other communication of any kind. If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

### REPORTS

22. The adjusting reports, estimates and appraisals prepared concerning Plaintiff's(s') underlying claim.

23. Any engineering or other reports prepared concerning Plaintiff's(s') underlying claim.

24. Any roofing repair reports prepared concerning the Insured Location.

### ADJUSTER(S)

25. The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

26. If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

27. Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

28. The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

29. For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's(s') claims that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

9

30. The contract between the Defendant insurer and the Defendant third party adjusting company.

31. The correspondence between the Defendant insurer and the third party adjusters/adjusting firms, engineers and other estimators who worked on the claim that pertain to the Claim at issue.

32. The bonus or incentive plan for adjusters in effect for the time period one year prior to the date of loss at issue through one year after such date.

33. The documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

## STORM

34. The information regarding weather conditions on which you relied in making decisions on the Plaintiff's(s') claims.

35. A copy of all complaints from insurance agents concerning, generally or specifically, Defendant's(s') denials or partial denials, of any other hail or windstorm claim for the same date of loss as the claim in this case, and for any property within 20 miles of the property at issue here.

36. Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's(s') claim. This request is limited to persons who live within a 5-mile radius of Plaintiff's(s') insured residence.

37. If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's(s') insured property, and produce any reports concerning hail such radius.

## POLICIES AND PROCEDURES FOR HANDLING CLAIMS

38. Defendant's(s') internal newsletters, bulletins, publications and memoranda relating to policies and procedures for handling Texas hail claims that were issued from one year prior to the date of loss at issue to one year after that date, including, but not limited to, memoranda issued to claims adjusters.

10

39.   The price guidelines that pertain to the handling of claims arising out of hail storms. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

40.   The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

41.   A curriculum vitae or resume, written report, bibliography, fee agreement and list of cases each expert has testified in over the past ten years, whether live or by deposition, for any individual whom you may call as an expert witness in the trial of this matter.

### EXPERTS

42.   The managerial bonus or incentive plan for managers responsible for windstorm claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

### OTHER

43.   Any and all documents described or utilized in responding to Plaintiff's(s') Interrogatories and Request For Disclosure to Defendant(s). If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

44.   Any agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party, non-party, as a result of or relating to the insurance claim made the basis of this lawsuit.

45.   Copies of all documents, forms, applications, or authorizations provided by Plaintiff(s) to Defendant(s).

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

### CONTACT INFORMATION

**INTERROGATORY 1:**  State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories and all persons consulted in answering these interrogatories.

**ANSWER:**

### POLICY

**INTERROGATORY 2:**  For the insurance policy that forms a basis of this lawsuit, state:

     a.     the name, principal place of business and telephone number of the insurer;

     b.     the name, address and telephone number of the named insured(s);

     c.     the policy number;

     d.     the effective dates of coverage;

     e.     the types of coverage included (e.g., property damage);

     f.     the amount of coverage;

     g.     the dates of premium payment; and,

     h.     the amount of the premium payment on each date.

**ANSWER:**

### NOTICE OF CLAIM

**INTERROGATORY 3:**  List the date(s) Defendant(s) received Plaintiff's(s') claim(s) for coverage for property damages, the date(s) Defendant(s) first acknowledged Plaintiff's(s') notice of claim(s), and in what form these notices were submitted.

**ANSWER:**

**INTERROGATORY 4:**  If the date Defendant(s) first acknowledged Plaintiff's(s') notice of claim(s) was not within fifteen business days from the date Defendant(s) received Plaintiff's(s') claim for coverage for property damage, please state the reasons you contend you were not able to accept or reject the claim with fifteen business days and identify all documents evidencing such facts.

**ANSWER:**

12

## RECORDED STATEMENTS/ EUO

**INTERROGATORY 5**: Please state whether Defendant(s) took, or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff(s) regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant(s) saw a transcription of same.

**ANSWER:**

## REVIEW OF THE CLAIM

**INTERROGATORY 6**: State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's(s') insurance policy or the claim(s) making the basis of this lawsuit, including the name, address and telephone number of the identified person's supervisor. For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

**ANSWER:**

**INTERROGATORY 7**: State the legal theories, and describe the factual bases for your contention that Defendant(s) fully complied with each of the claims handling requirements codified in TEX. INS. CODE § 541.060

**ANSWER:**

## ADJUSTERS

**INTERROGATORY 8**: State the name, address, and telephone number of the office from which each person involved in adjusting the claim at issue worked while handling Plaintiff's(s') claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**ANSWER:**

**INTERROGATORY 9**: State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's(s') claim(s), and if so, identify to whom the request was made.

**ANSWER:**

**INTERROGATORY 10:** State the number of years in which any adjuster involved in the claim at issue has adjusted, investigated and/or recommended any compromise settlement and/or payment of policies held by the insurance company involved in this case. Please also provide the date on which such adjuster was licensed as an adjuster in the State of Texas.

**ANSWER:**

**INTERROGATORY 11:** For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received concerning knowledge of TEX. INS. CODE Chapter 541. Formerly Art. 21.21, *et seq.,* and TEX. INS. CODE Chapter 542, formerly Art. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**ANSWER:**

**INTERROGATORY 12**: State the current annual salary each person involved in adjusting the claim at issue earns from the adjustment of insurance claims. Please state any bonus and/or profit-sharing proceeds received in the last five years and how those bonus and/or profit sharing proceeds were calculated.

**ANSWER:**

## PAYMENTS

**INTERROGATORY 13:** State the total amount of all payments, if any, you contend were made by you to the Plaintiff(s) as a result of the claim that forms the basis of this suit.

**ANSWER:**

**INTERROGATORY 14:** Identify anyone who recommended payment on Plaintiff's(s') claim(s), and if so, state what amount(s).

**ANSWER:**

14

## BASIS FOR DENIAL

**INTERROGATORY 15:** Please state in full detail each and every contention or denial of liability on Plaintiff's(s') claims made the basis of this suit. Include in your answer:

a.  all facts known to you which you contend support or corroborate each such denial;

b.  the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of Plaintiff's(s') claims; and,

c.  the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

**ANSWER:**

**INTERROGATORY 16:** State every basis, in fact and in the terms of Plaintiff's(s') policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's(s') claim(s).

**ANSWER:**

### DEFENSES

**INTERROGATORY 17:** If you contend that Plaintiff(s) have failed to comply with any condition precedent to the contract of insurance that forms the basis of this suit, please identify the condition precedent and state the basis for your contention.

**ANSWER:**

**INTERROGATORY 18:** If you contend that the claim in question is excluded from coverage for any reason under the contract of insurance that forms the basis of this suit, please state the basis for this exclusion.

**ANSWER:**

**INTERROGATORY 19:** State whether Defendant(s) contend(s) that Plaintiff(s) did not provide any of the named Defendant(s) in this cause of action with requested information which was required in order to properly evaluate Plaintiff's(s') claim(s). If so, state what information was requested and not provided, and the dates of the requests.

**ANSWER:**

15

## TRIAL- WITNESSES

**INTERROGATORY 20:** Identify every person who is expected to be called to testify at trial, including your experts. *See* TEX. R. CIV. P. 192.3(d).

**ANSWER:**

**INTERROGATORY 21:** Identify all discoverable, consulting experts, that is, consulting experts whose work has been reviewed by the testifying expert. *See* TEX. R. CIV. P. 192.3(e). For each expert named, provide the following information:

    a.    the expert's name, address, and telephone number;

    b.    the expert's current résumé and bibliography;

    c.    the facts known to the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case, regardless of when and how the factual information was acquired;

    d.    the mental impressions or opinions of the expert formed or made in connection with the case and any methods used to derive them;

    e.    any bias of the expert; and,

    f.    identify all documents and tangible things, including reports, models, or data compilations, that have been provided to, reviewed by, or prepared by or for the expert, so the documents or tangible things may properly besought by a request for production.

**ANSWER:**

**INTERROGATORY 22:** Identify every person who has impeachment or rebuttal evidence and describe the evidence each person has. If you have enough information to anticipate the use of impeachment or rebuttal evidence or witnesses, you must provide that information.

**ANSWER:**

## STORM

**INTERROGATORY 23:** Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. State the name, phone number, and address of the insured.

**ANSWER:**

**INTERROGATORY 24**: Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's(s') claim. This request is limited to persons who live within a 5-mile radius of Plaintiff's(s') insured residence.

**ANSWER:**

## CLAIM HANDLING INVESTIGATIONS

**INTERROGATORY 25**: For each investigation by a Texas governmental agency within the last four years into Defendant's(s') practices when handling first party claims for personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant(s) communicated for purposes of the investigation.

**ANSWER:**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1. Admit that Plaintiff(s) has/have fulfilled all conditions precedent to file suit.

**RESPONSE:**

2. Admit that this lawsuit concerns a covered claim.

**RESPONSE:**

3. Admit that this lawsuit concerns an uncovered claim.

**RESPONSE:**

4. Admit that you dispute Plaintiff's(s') scope of work as described in Plaintiff's(s') RJ Molina Estimating Estimate attached to Plaintiff's(s') demand letter of May 27, 2015.

**RESPONSE:**

5. Admit that you do not dispute Plaintiff's(s') scope of work as described in Plaintiff's(s') RJ Molina Estimating Estimate attached to Plaintiff's(s') demand letter of May 27, 2015.

**RESPONSE:**

**CLERK OF THE COURT**
**ELOY R. GARCIA**
**STARR COUNTY COURTHOUSE**
**RIO GRANDE CITY, TEXAS 78582**

**ATTORNEY FOR PLAINTIFF**
**JOSHUA DAVIS**
**1010 LAMAR, SUITE 200**
**HOUSTON, TX 77002**

## CITATION

**THE STATE OF TEXAS**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation By 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:   CORPORATION SERVICE COMPANY C/O STATE FARM LLOYDS,**
**211 E. 7TH ST., SUITE 620,**
**AUSTIN, TEXAS 78701**

**DEFENDANT**, in the hereafter and styled and numbered cause: **DC-15-594**
You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **229TH DISTRICT COURT JUDGE ANA LISA GARZA** of STARR COUNTY, TEXAS at the Court House of said County in RIO GRANDE CITY, TEXAS. Said Petition was filed on the **9th  Day** of **OCTOBER** A.D, **2015** in this cause numbered **DC-15-594** the docket of said court, and styled,

**ERICA CHAVEZ,**
**PLAINTIFF**
**V.**
**STATE FARM LLOYDS,**
**DEFENDANT.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.
Issued and given under my hand and seal of said Court at office, this **9TH Day** of **OCTOBER, 2015**

**ELOY R. GARCIA**
**DISTRICT CLERK**
**OF STARR COUNTY, TEXAS**

BY: _____ , **DEPUTY**
      Litzzary Benavides

## OFFICER'S RETURN

Came to hand on the _26th_ day of _OCT_ _2015_ at _9:00_ o'clock _A_ .M.
Executed at_____, within the County of_____, at _____o'clock _____.M.
on the _____ day of_____, _____, by delivering to the within named_____ a true
copy of this citation together with the accompanying copy of this petition, having first attached such copy of such petition to such
copy of citation and endorsed on such copy of citation the date of delivery

Not executed, the diligence used to execute being _____; for the following
reason_____, the defendant may be found _____
Total fee for serving this citation _____                     Sheriff Account No._____

To certify which witness my hand officially.

Sheriff of _____ County, Texas                          By:_____ Deputy

---

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer authorized person who serves, or attempts to serve, a citation shall sign the return.
The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of
the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is

_____

I DECLARE UNDER PENALTY OF PREJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ county, state of _____, on the _____ day of _____.

_Zouseke T Heavard_
Declarant/Authorized Process Server

_SCH 10316   EXP 5-31-16_
(ID # & expiration of certification)

File No. **DC-15-594**
CITATION FOR PERSONAL SERVICE IN STATE

### ERICA CHÁVEZ,
### PLAINTIFF
### V.
### STATE FARM LLOYDS,
### DEFENDANT.

### 229TH DISTRICT COURT
### OF STARR COUNTY, TEXAS

**9TH** **DAY OF OCTOBER, 2015**
ELOY R. GARCIA
CLERK DISTRICT COURT
BY:_____ , **DEPUTY**
CLERK:

**FILED**
This_____ day of_____, 2015
At_____ o'clock .M.
ELOY R. GARCIA
CLERK OF THE COURT
BY: _____ , DEPUTY

Electronically Filed
11/2/2015 9:08:30 AM
Eloy R. Garcia, District Clerk
Starr County, Texas

Dulce Morin

## CAUSE NO. DC-15-594

| | | |
|---|---|---|
| **ERICA CHAVEZ,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **STARR COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **229th JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES **STATE FARM LLOYDS**, Defendant in the above-styled and numbered cause, and files its Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show the Court the following:

### I.

### GENERAL DENIAL

Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.

### AFFIRMATIVE DEFENSES

1.     **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

2.      **Payment.** State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the policy in connection with the damages and the insurance claim, that give rise to Plaintiff's claims in this lawsuit, including payment(s) made in connection with prior insurance claim(s) regarding the same damages.

3.      **Deductible/Offset.** State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

4.      **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

5.      **Normal Wear and Tear.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused in whole or in part by normal wear and tear and other non-covered losses. The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

1.      We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

* * * * *

f.  except as specifically prohibited by this endorsement, continuous or repeated seepage of water or steam from a:

(1) heating, air conditioning or automatic fire protective sprinkler system;

(2) household appliance; or

(3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including the walls, ceilings or floors;

which occurs over a period of time.  If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance.  We do not cover loss to the system or appliance from which the water or steam escaped.

g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;. . . .

i.   mold, fungus or  wet or dry rot;. . . .

l.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;. . . .

3.   We do not insure under any coverage for any loss consisting of one or more of the items below….

b.   defect, weakness, inadequacy, fault or unsoundness in:
(1)   planning, zoning, development, surveying, siting;
(2)   design, specifications, workmanship, construction, grading, compaction;
(3)   materials used in construction or repair; or
(4)   maintenance;

of any property (including land structures, or improvements of any kind) whether on or off the residence premises; or

c.   weather conditions.

**6.   Failure of Policy Conditions/Conditions Precedent.** Defendant hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss." Specifically, Plaintiff failed to satisfy the conditions of the policy requiring Plaintiff to timely notify Defendant of a claim, which reads as follows:

### SECTION I – CONDITIONS

* * * * *

2.   **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.   give immediate notice to us or our agent…

b.   protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

* * * * *

d.   as often as we reasonably require:

(1) exhibit the damaged property;

(2) provide us with records and documents we request and permit us to make copies;

Plaintiff failed to satisfy the condition precedent requiring immediate notice of a loss. Plaintiff first reported her claim on January 14, 2015, more than seven months after the May 28, 2014 date of loss. This delay in reporting is unreasonable and prejudiced State Farm's investigation of Plaintiff's claim. Based on the limited information available at the time Plaintiff submitted her claim, on information and belief, Plaintiff failed to protect her property from further damage during the considerable delay between when Plaintiff alleges the damage occurred and when she submitted her claim seven months later. Plaintiff cannot recover, in whole or in part, on Plaintiff's breach of contract cause of action, and consequently on all of the other causes of action alleged in Plaintiff's Petition, because of Plaintiff's failure to satisfy the conditions precedent contained in the policy at issue.

**7.**   **Suits Against Us.**   For further defense, Defendant further relies on the following Policy provision:  "No action shall be brought unless there has been compliance with the

policy provisions and the action is started within two years and one day after the date of loss or damage."

8.      **Failure to Mitigate.** Defendant asserts that Plaintiff has failed to make reasonable efforts to mitigate her damages.

9.      **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

10.     **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

11.     **Chapter 38 Attorney's Fees.** Plaintiff cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code. "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for…(8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8).  Defendant State Farm Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to

Defendant State Farm Lloyds. *Fleming & Assocs., L.L.P. v. Barton*, 2014 Tex. App. LEXIS 2250 (Tex. App. Houston 14th Dist. Feb. 27, 2014).

**12.    Excessive Demand Doctrine.**  Defendant further asserts that Plaintiff's claim for attorney's fees are barred in whole or in part by the doctrine of excessive demand. Defendant would show that Plaintiff's demand letter is an unreasonable and excessive demand.

**13.    Conditions Precedent.**    Defendant specifically denies that all conditions precedent to Plaintiff's recovery under the Policy have occurred or otherwise been satisfied.

**III.**

**<u>PRAYER</u>**

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS** requests judgment of the Court that Plaintiff take nothing by this suit, and that Defendant be awarded costs and such other and further relief to which it may be justly entitled.

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

By:     /s/Charles W Downing
      Sofia A. Ramon
      State Bar No. 00784811
      sramon@atlashall.com
      Dan K. Worthington
      State Bar No. 00785282
      dkw@atlashall.com
      Charles W. Downing
      State Bar No. 24069631
      cdowning@atlashall.com

      **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of November, 2015, a true and correct copy of the foregoing document was sent via facsimile to the following:

Joshua P. Davis
josh@thejdfirm.com
Katherine Ray
katie@thejdfirm.com
**JOSH DAVIS LAW FIRM**
1010 Lamar, Ste. 200
Houston, Texas 77002
(713) 337-4100 – Phone
(713) 337-4101 – Fax

**Attorneys for Plaintiff**

  /s/Charles W Downing
Charles Downing

# CIVIL DOCKET

CASE NO. DC-15-594

1 Inc., Dallas 1-800-648-7022

| UMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| x-15-594 | Erica Chavez | Joshua P. Davis | Property Damage | 10 | 06 | 15 |
| | vs. | Pltf. | | Jury Fee, | | |
| | State Farm Lloyds | Charles W. Downing | | Paid By | | |
| | | Dft. | | Jury No. | | |

| DATE OF ORDERS | | | Was Stenographer Used? | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|---|
| Mo. | Day | Year | | | Vol. | Page | |
| 10 | 6 | 15 | | Jury Demand filed. | | | |
| 11 | 12 | 15 | | State Farm Lloyds filed answer. | | | |



All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at
**iDocket.com**

View Case Track ™                                          Start Case Track™

Civil Docket; Case DC-15-594; Civil
ERICA CHAVEZ, PLAINTIFF V. STATE FARM LLOYDS, DEFENDANT
Filed 10/06/2015 - Disposition:
229th District Court, District Clerk, Starr County, Texas

                                                             Help

View Document Images

| Date | Description/Comments | Reference | Typ | Amount |
|------|---------------------|-----------|-----|--------|
| 10/06/2015 | PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - EFiled on 10/06/2015 1:44 PM. Submitted by: Maria Rodriguez (maria@thejdfirm.com); Comments:Please send the citation to maria@thejdfirm.com. | | TXT | |
| 10/09/2015 | CITATION TO STATE FARM LLOYDS | | " | |
| 11/12/2015 | DEFENDANT?S ORIGINAL ANSWER TO PLAINTIFF?S ORIGINAL PETITION- EFiled on 11/12/2015 9:08 AM. Submitted by: CharlesDowning (cdowning@atlashall.com); Comments: | | " | |
| 11/16/2015 | LETTER requesting Docket Sheet_Erica Chavez - EFiled on 11/16/2015 2:23 PM.Submitted by: Charles Downing (cdowning@atlashall.com); Comments: | | " | |

Search | Case History | Parties | Attorneys | Links | Services        [ Site Map ] [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements                                                           User ID: atlas&hall
                                          Viewed as of: November 19, 2015, time: 13:12:30