United States District Court
Southern District of Texas
**ENTERED**
February 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ERICA CHAVEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:15-CV-487 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

## OPINION & ORDER

Pending before the Court is "Plaintiff's Motion to Remand and For Attorney's Fees,"[1] filed by Erica Chavez ("Plaintiff"). State Farm Lloyds ("Defendant") has filed a response in opposition.[2] After considering the motion, response, and relevant authorities, the Court **DENIES** the motion.

### I.  Background

On October 9, 2015, Plaintiff filed suit in state court against Defendant, asserting various insurance-related causes of action for property damage resulting from a wind or hail storm.[3] Subsequently, on November 19, 2015, Defendant timely removed the case to this Court based on diversity jurisdiction.[4] Shortly thereafter, Plaintiff filed the instant motion to remand, seeking both remand of the action and attorney's fees. Plaintiff claims that the amount in controversy does not exceed $75,000, that the Court therefore lacks diversity jurisdiction, and that Plaintiff is

---

[1] Dkt. No. 6 ("Motion").
[2] Dkt. No. 7 ("Response").
[3] *See* Dkt. No. 1, Exh. 3 at pp. 4-10 ("Petition").
[4] Dkt. No. 1.

entitled to recover attorney's fees incurred as a result of filing the instant motion.[5] Defendant timely responded. The Court now considers the relief requested.

## II. Legal Standard

The removing party bears the burden of establishing whether federal jurisdiction exists,[6] and the Court must resolve all doubts regarding whether removal jurisdiction is proper in favor of remand.[7] The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[8] Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[9] However, when the State practice does not permit a demand for a specific sum, removal is proper if the removing party proves by preponderance of the evidence that the amount in controversy exceeds $75,000.[10] Defendant can satisfy this burden by (1) showing it is "apparent from the claims of the petition that the claims are likely to exceed $75,000" or (2) setting forth "summary judgment-type evidence of facts in controversy that support a finding of the requisite amount."[11]

"[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."[12] In other words, these post-removal filings may only be considered in determining the amount in controversy "if the basis for

---

[5] Motion.
[6] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).
[7] *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000).
[8] 28 U.S.C. § 1332(a).
[9] *Id*. § 1446(c)(2).
[10] *Id*; see also *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993).
[11] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal quotation marks and citations omitted).
[12] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

jurisdiction is ambiguous at the time of removal."[13] "Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal."[14]

### III. Cautionary Note

The Court notes that Plaintiff has failed to comply with the Federal Rules of Civil Procedure with regard to the instant filing. Rule 7(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."[15] Rule 10(b) in turn provides that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances."[16] Plaintiff's motion lacks numbered paragraphs, hindering the Court's reference to her arguments. Plaintiff is cautioned that future submissions should consistently number each paragraph to properly comply with the Rules.

### IV. Discussion

Plaintiff claims that diversity jurisdiction is improper in this case because the amount in controversy has not been satisfied. In her state court petition, Plaintiff states that her damages are "less than $75,000.00."[17] Plaintiff contends that this language, in conjunction with a pre-suit demand letter,[18] and damage model,[19] show that her damages are less than $75,000. More specifically, Plaintiff contends that the pre-suit demand letter established the "top-end value for

---

[13] *Id.*
[14] *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (emphasis in original).
[15] FED. R. CIV. P. 7(b)(2).
[16] FED. R. CIV. P. 10(b) (emphasis added).
[17] Petition at ¶ 4.
[18] Motion, Exh. B.
[19] *Id.*, Exh. C.

this case as $40,776.44."[20] Plaintiff further alleges that Defendant's notice of removal offered "only conclusory statements" and Defendant should instead "produce evidence establishing that the amount in controversy exceeds $75,000."[21] Finally, Plaintiff argues that her demand for less than $75,000 controls, even though, as she noted in her state court petition, Rule 47 of the Texas Rules of Civil Procedure "require[d] Plaintiff to plead monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fee."[22] Plaintiff claims that her choice to conduct discovery under Level 3 "is not dispositive of damages" here and that this discovery level was sought only to establish clear deadlines for discovery.[23]

As previously noted, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy; however, this request does not control when made in bad faith or when state practice does not permit demand for a specific sum.[24] In Texas, the law does not permit a plaintiff to plead for a specific amount. Rather, Rule 47 requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that the party seeks a pre-defined range of damages.[25] Contrary to Plaintiff's protestations, while it is true that Texas Rule of Civil Procedure 47 was amended "to require a more specific statement of the relief sought by a party,"[26] Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because "[s]uch manipulation is

---

[20] Motion at p. 2.
[21] *Id.* at p. 2.
[22] Petition at ¶ 4.
[23] *Id.* at p. 4.
[24] 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (face of plaintiff's pleading alleging damages below the federal jurisdictional amount will not control to prevent removal if pleading was made in bad faith). *See also* Tex. R. Civ. P. 47(b)-(c).
[25] Tex. R. Civ. P. 47(b)-(c).
[26] Tex. R. Civ. P. 47 editor's notes cmt. (2013).

surely characterized as bad faith."[27] These considerations inform the Court that instead of pleading a legitimate estimation of damages in this case, "[a]s a functional matter, [Plaintiff is] attempting to avoid federal jurisdiction."[28] Thus, Plaintiff's specific sum does not control the Court's analysis.

In support of its position that the amount in controversy exceeds $75,000 in the instant case, Defendant points out to the Court that Plaintiff's original petition requests treble damages under the Texas Insurance Code, exemplary damages in addition to her other requested damages.[29] Specifically, Defendant notes, in its response to the instant motion, that "when the amount demanded [in Plaintiff's] pre-suit 'damage model' is coupled with [Plaintiff's] lawsuit demanding future attorney's fees and new claims for exemplary and additional other penalty damages, it is clear that the amount in controversy exceeds $75,000.00"[30] The Court agrees.

Plaintiff's pre-suit demand letter outlines some of the damages which Plaintiff claims to have suffered.[31] These damages include roof damage and the price of purchasing shingles for Plaintiff's roof.[32] Plaintiff requested $40,776.74 to resolve her claims against Defendant. Additionally, Plaintiff attached a damage model with the demand letter explaining how the $40,776.74 figure was calculated.[33] The itemized damage model includes various amounts for different claims: an amount of $21,884.84 for Plaintiff's total policy claims, $809.44 attributed to an 18% penalty, $5000 for mental anguish, $11,537.71 for attorney's fees, $1,150 for taxable

---

[27] *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").
[28] *De Aguilar*, 47 F.3d at 1410.
[29] Dkt. No. 1 at ¶ 6.3.
[30] Response at ¶ 13.
[31] Motion, Exh. B.
[32] *See id.*
[33] Motion, Exh. C.

court costs, and $394.75 for pre-judgment interest.[34] These damage amounts add up to the sum of $40,776.74, the amount Plaintiff demanded to resolve her claims.

However, nowhere in the damage model is any reference made to exemplary damages. Plaintiff's petition specifically seeks punitive damages against Defendant for alleged actions that were "intentional and made with knowing disregard for Plaintiff's rights . . . ."[35] If Plaintiff's claim for exemplary damages is successful, Plaintiff could receive "up to three (3) times the amount of actual damages sought . . . ."[36]

In Texas, punitive damages are included within the definition of exemplary damages.[37] Under Texas law, "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of . . . two times the amount of economic damages; plus . . . an amount equal to any noneconomic damages . . . not to exceed $750,000; or . . . $200,000."[38] Additionally, the Fifth Circuit has held that punitive damages are "to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law . . . ."[39] Given the fact that Plaintiff's damage model asserts an estimate of $21,884.84 for her damages under the policy, as well as total damages sum of $40,776.74, the judicial threshold requirement of $75,000 could easily be met if Plaintiff's claim for punitive damages is successful.

In her last effort to avoid the federal forum, Plaintiff offers the affidavit testimony of Plaintiff's counsel, Ms. Katherine Ray. In her affidavit, Ms. Ray states that "[t]he claimed amount of damages . . . amounts to $40,776.44. This is below the $75,000 threshold necessary for Federal Jurisdiction under 28 U.S.C. § 1332."[40] The Court finds this testimony unconvincing.

---

[34] *See id.*
[35] Petition at ¶ 18.
[36] Response at ¶ 8.
[37] Tex. Civ. Prac. & Rem.Code § 41.001(5).
[38] Tex. Civ. Prac. & Rem. Code § 41.008(b)(1)-(2).
[39] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[40] Motion, Exh. D.

As noted earlier, "post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . only if the basis for jurisdiction is ambiguous at the time of removal." It is quite clear to the Court that Defendant's basis for jurisdiction was unambiguous at the time of removal. Therefore, the Court finds that Defendant has met its burden by demonstrating by a preponderance of the evidence that the amount in controversy in the instant case met the jurisdictional threshold at the time of removal. Accordingly, the Court has jurisdiction to hear this lawsuit.

### V. Attorney's Fees

Lastly, the Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[41] Since Defendant has shown that removal in this case was proper, Plaintiff's claims for attorney's fees must fail.

### VI. Holding

For the foregoing reasons, the Court finds that it has jurisdiction to hear this case because the amount in controversy exceeds $75,000. Therefore, Plaintiff's motion to remand and request for attorney's fees is **DENIED.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 18th day of February, 2016.

 _____
Micaela Alvarez
United States District Judge

---

[41] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, (2005).