IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ERICA CHAVEZ       Plaintiff, | § § § | |
| VS. | § § | Civil Action No. 7:15-cv-487 |
| STATE FARM LLOYDS,       Defendant. | § § § | |

## PLAINTIFFS' NO-EVIDENCE
## MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff Erica Chavez ("Chavez") and files this No-Evidence Motion for Summary Judgment and respectfully shows the following:

## I.
## SUMMARY OF ARGUMENT

Chavez has an insurance policy with State Farm Lloyds ("State Farm") that covers their home, policy number 83-B8-V450-7 (the "Policy"). Chavez's residence is located at 6597 FM 1430, Rio Grande City, Texas 78582 (the "Subject Property"). On May 28, 2014, the Subject Property was damaged due to wind and hail (the "Claim"). Chavez submitted the Claim because wind and hail damage is a covered cause of loss under the Policy. State Farm performed an inadequate investigation into the claim and issued a token payment to Chavez. Chavez subsequently engaged multiple experts and an attorney to secure her policy proceeds related to the Claim.

Chavez files this no-evidence motion for summary judgment concerning State Farm's Original Answer.[1] In its Original Answer, State Farm offers a plethora of inapplicable affirmative defenses that cannot apply to Chavez's claim, or have no basis in

---
[1] Exhibit "A," *State Farm Lloyds' Original Answer*.

Texas law. Chavez moves for summary judgment concerning State Farm's following affirmative defenses as outlined in its Amended Answer:

1. **Normal Wear and Tear.** (Defendant's Affirmative Defense #5) There is no evidence that the damage and losses to the Subject Property were caused, in whole or in part, by "normal wear and tear."

2. **Policy Conditions/Conditions Precedent.** (Defendant's Affirmative Defense #6) Defendant's affirmative defense that Chavez failed to provide notice requires an affirmative showing of prejudice.[2] State Farm has presented no such evidence.

3. **Suits Against Us.** (Defendant's Affirmative Defense #7) Chavez brought this action within the allowable statute of limitations. A contractual limitations period cannot end until after two years after the breach.[3]

4. **Failure to mitigate.** (Defendant's Affirmative Defense #8) Chavez has met her duty to mitigate, which requires only "trifling" efforts.[4] State Farm cannot show any failure to mitigate by Chavez given this low standard.

5. **Chapter 38 Attorney's Fees.** (Defendant's Affirmative Defense

---

[2] *See PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 632 (Tex. 2008).
[3] *Spicewood Summit Office Condominiums Assn., Inc. v. America First Lloyd's Insurance Co.*, 287 S.W.3d 461, 465 (Tex. App.—Austin 2009).
[4] *Gunn Infiniti, Inc. v. O'Byrne*, 996 S.W.2d 854, 857 (Tex. 1999)("Under mitigation principles, the long-standing law of this state requires a claimant to mitigate damages if it can do so with 'trifling expense or with reasonable exertions.'")(citations omitted); *See also Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 395 (S.D. Tex. 2011).

2

   #11) Plaintiffs are entitled to attorney's fees under Chapter 38 and under the TEXAS INSURANCE CODE.

6.  **Excessive Demand Doctrine.** (Defendant's Affirmative Defense #12) Defendant's conclusory assertion that Plaintiff's demand was unreasonable is insufficient to survive motion for summary judgment.

7.  **Conditions Precedent.** (Defendant's Affirmative Defense #13) Defendant's conclusory assertion that conditions precedent have not been satisfied is insufficient to survive motion for summary judgment. Indeed, Defendant's affirmative defense does not identify what conditions have allegedly not been satisfied.

Chavez moves for summary judgment concerning all of these affirmative defenses. There is no evidence to support these defenses, and the great weight of the evidence demonstrates that each of these defenses should be dismissed.

## STATE FARM'S AFFIRMATIVE DEFENSES

In its Original Answer, State Farm asserts certain affirmative defenses.[5] Plaintiff's motion for summary judgment concerns the following defenses:

1. Normal Wear and Tear. Chavez's damages did not result from normal wear and tear;

> **Rule 166a(i) Motion—**
>
> **State Farm fails to point to any other possible prior cause of loss that is not covered by the Policy for the wind and hail damage caused to the Subject Property on May 28, 2014.**

---

[5] Ex. "A."

3

2. Policy Conditions/Conditions Precedent. Chavez satisfied the conditions precedent;

   **Rule 166a(i) Motion—**

   **There is no evidence of Chavez's alleged failure to satisfy conditions precedent, and there is no evidence of any purported prejudice to State Farm.**

3. Suits against us. Chavez's claim was brought timely;

   **Rule 166(a)(i) Motion—**

   **There is no evidence that Plaintiff's claim was not timely.**

4. Failure to mitigate. Chavez mitigated her damages to a trifling degree;

   **Rule 166a(i) Motion—**

   **There is no evidence that Chavez failed to mitigate damages.**

5. Chapter 38 Attorney's Fees. Chavez is entitled to attorney's fees under Chapter 38 and under the TEXAS INSURANCE CODE;

   **Rule 166a(i) Motion—**

   **There is no evidence that Chavez is not entitled to attorney's fees, and Chavez is entitled to attorney's fees under both Chapter 38 and under the TEXAS INSURANCE CODE.**

6. Excessive Demand Doctrine. Chavez's demand is not excessive;

   **Rule 166a(i) Motion—**

   **There is no evidence that Chavez's demand was excessive.**

7. Conditions Precedent.;

   **Rule 166a(i) Motion—**

   **There is no evidence of Chavez's alleged failure to satisfy conditions precedent, and there is no evidence of any purported prejudice to State**

**Farm.**

State Farm fails to point to evidence that creates a plausible suspicion that any of its defenses are possible, let alone sufficient evidence to create an issue of material fact. Chavez moves for summary judgment concerning State Farm's above affirmative defenses.

## LEGAL STANDARD

The purpose of a no-evidence summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."[6] When a no-evidence motion for summary judgment is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion.[7] The trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements of the claim.[8] "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact."[9]

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff Erica Chavez respectfully requests the Court grant her No-Evidence Motion for Summary Judgment and for such other and further relief to which Plaintiff is justly entitled.

---

[6] *Benin v. Could Group,* 21 S.W.3d 109, 112 (Tex.App.—San Antonio 2000, no pet.)
[7] *Mack Trucks. Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006).
[8] TEX. R. CIV. P. 166a(i).
[9] *King Ranch. Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003).

Respectfully submitted,

**DAVIS LAW GROUP**


By: */s/ Jason Beesinger*
Joshua P. Davis
State Bar No. 24055379
Jason E. Beesinger
State Bar No. 24092107
1010 Lamar, Suite 200
Houston, Texas 77002
713.337.4100/Phone
713.337.4101/Fax
josh@thejdfirm.com
jason@thejdfirm.com

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served on all counsel of record via e-file in accordance with the Texas Rules of Civil Procedure on October 4, 2016 as follows:

*Via ECF*
Charles W. Downing
Dan K. Worthington
Sofia A. Ramon
ATLAS, HALL & RODRIGUEZ, LLP
818 W. Pecan Blvd. (78501)
P.O. Box 3275
McAllen, Texas 78502


*/s/ Jason Beesinger*
Jason E. Beesinger